Citation Nr: 1725258 
Decision Date: 06/23/17 Archive Date: 07/17/17

DOCKET NO. 12-16 037 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUE

Entitlement to service connection for hepatitis C.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel 


INTRODUCTION

The Veteran had active service from October 1965 to September 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island. 

This matter was previously before the Board in November 2014, when it was remanded for further development. 

As noted in the November 2014 Board remand, the correct rating decision on appeal was issued to the Veteran on February 27, 2010. In this regard, VA received a communication from the Veteran expressing a desire to reopen the claim on February 23, 2011, within one year of the February 27, 2010 rating decision, which is reasonably construed as a notice of disagreement. Following issuance of a statement of a case in June 2012, the RO found that a packet of documents received within 60 days thereafter constituted a substantive appeal. Therefore, the February 2010 rating decision is currently on appeal before the Board. 

In July 2014, the Veteran testified before the undersigned Veterans Law Judge. A transcript of that hearing is of record. 

The issue of entitlement to an increased rating for posttraumatic stress disorder has been raised by the record in a March 2017 application for benefits, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016).


FINDING OF FACT

The evidence is at least in relative equipoise as to whether the Veteran's hepatitis C is related to active service.


CONCLUSION OF LAW

The criteria for service connection for hepatitis C have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2015); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions, including pursuant to 38 C.F.R. § 3.103 (c)(2) (2016) and Bryant v. Shinseki, 23 Vet App 488 (2010). See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). Furthermore, there has been substantial compliance with the Board's November 2014 remand directives. Stegall v. West, 11 Vet. App. 268 (1998). 

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2015); 38 C.F.R. §§ 3.303, 3.304 (2016). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

As set forth in his July 2014 testimony, the Veteran asserts his hepatitis C is related to active service. Specifically, the Veteran has asserted, in part, that he contracted hepatitis C as the result of a tattoo he obtained during service and/or as a result of a blood transfusion in 1968 during appendix surgery in Lisbon, Portugal. The January 2015 VA examiner also noted the Veteran stated that his hepatitis C was as a result of induction vaccinations without needle changes.

With respect to the first element of service connection, the existence of a present disability, the Board finds that the evidence of record confirms the Veteran has a diagnosis of hepatitis C. Specifically, the Veteran's medical treatment records and the January 2015 examination report produced during the course of his appeal provided a diagnosis of hepatitis C. Thus, the Board finds that a diagnosis of hepatitis C has been demonstrated. 

The second element of a claim for service connection is medical evidence, or in certain circumstances lay testimony, of in-service incurrence or aggravation of an injury or disease. Here, the Veteran's service treatment records are not complete as such do not contain a separation examination report. Additionally, identified records from the British Hospital of Lisbon during a 1968 appendix surgery with a blood transfusion were not obtained. As noted above, the Veteran testified during the July 2014 Board hearing, that while serving in Lisbon, Portugal, he underwent an appendix surgery that required a blood transfusion. He also related that he received a tattoo during service and also reported during induction vaccinations the needles were not changed. The Veteran is competent to attest to the factual matters of which he has first-hand knowledge, such as undergoing a surgery with a blood transfusion, receiving immunizations without needle changes and receiving a tattoo during service. See Layno v. Brown, 6 Vet. App. 465 (1994). The Veteran's service personnel records reflect service in Lisbon, Portugal and also of record are multiple immunizations received by the Veteran during service. Also of record is a September 1969 application for benefits which referenced an appendix surgery during service in 1968. Thus, the Board also finds the Veteran's lay assertions of in-service events to be credible as they are consistent with other evidence of record.

Risk factors for hepatitis C include intravenous (IV) drug use, blood transfusions before 1992, hemodialysis, intranasal cocaine, high-risk sexual activity, accidental exposure while a health care worker, and various kinds of percutaneous exposure such as tattoos, body piercing, acupuncture with non-sterile needles, shared toothbrushes or razor blades. Veterans Benefit Administration (VBA) Fast Letter 98-110 (Nov. 30, 1998). In this regard, a January 2009 VA treatment record noted, in part, that the Veteran has had a history of OxyContin use, and that his use of opiates started after his surgery in 1970, gradually increasing from Percocet/Vicodin to OxyContin and that he went on methadone in 2002 and has done well.

Having carefully reviewed all evidence of record, the Board finds, for the reasons noted below, that the third requirement for service connection, competent evidence of a nexus between the Veteran's hepatitis C and an in-service disease or injury, has been met and there is sufficient basis to award service connection for hepatitis C. 

In this regard, the January 2015 VA examiner stated that the Veteran admitted to two known risk factors for hepatitis C, a blood transfusion for a complicated appendicitis operation in Lisbon, Spain in 1968, tattoos, and no needle changes during induction vaccinations when entering the military. The January 2015 VA examiner opined that it would be mere speculation to conclude hepatitis C was from these sources.

Conversely, in an April 2011 medical letter Dennis J. Mikolich, M.D., stated in part, that the Veteran had been under his medical care since June 1999 for hepatitis C and that the Veteran has had a long standing history of hepatitis C. Dr. Mikolich opined that the Veteran had hepatitis C dating back to blood transfusions associated with service in 1968 and noted the Veteran had significant fibrosis and liver damage. 

Additionally, in another April 2011 medical letter, Daniel Shreve, M.D., stated the Veteran had been diagnosed with positive hepatitis C and had previously had a blood transfusion years ago while in military service. Dr. Shreve further noted the Veteran had an emergency surgery appendectomy while serving in the military when located in a third world country. Dr. Shreve opined as to the question of whether or not the Veteran could have contracted hepatitis C during the blood transfusion, that unfortunately he did not have any way of proving this information. However, Dr. Shreve stated that this may have been contracted through the blood transfusion but he could not say for sure that this is what happened since he had no evidence to support this information. 

Based on the foregoing, the Board finds that the medical nexus opinions in this case are in relative equipoise. Both the April 2011 opinions which provide an indication of a link between the Veteran's service and his hepatitis C and January 2015 VA medical opinion, which found that providing an opinion would be based on mere speculation, were rendered by competent physicians. See Owens v. Brown, 7 Vet. App. 429, 433 (1995) (The Board may favor the opinion of one competent medical professional over that of another so long as an adequate statement of reasons and bases is provided). Accordingly, resolving all doubt in the Veteran's favor, the Board finds that April 2011 private opinions are sufficient evidence to establish a basis for service connection. Consequently, service connection is warranted for hepatitis C. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.120; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER


Entitlement to service connection for hepatitis C is granted.





____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs