Citation Nr: 1811323 
Decision Date: 02/23/18 Archive Date: 03/06/18

DOCKET NO. 16-49 875A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for cholangiocarcinoma.

2. Entitlement to service connection for tinnitus.

3. Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

N. T. Werner, Counsel



INTRODUCTION

The Veteran served on active duty with the United States Air Force (USAF) from November 1965 to July 1969, including service in Pakistan.

This matter comes to the Board of Veterans' Appeal (Board) from December 2015 and November 2017 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. The Veteran withdrew his request for a Board hearing. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. Cholangiocarcinoma had its onset in service.

2. Throughout the appeal the Veteran has no diagnosis of tinnitus.

3. The preponderance of the evidence shows that bilateral hearing loss was not present in service or until many years thereafter and is not related to service or to an incident of service origin.


CONCLUSIONS OF LAW

1. Cholangiocarcinoma was incurred in service. 38 U.S.C.A. §§ 1110, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).

2. The criteria for establishing service connection for tinnitus have not been met. 38 U.S.C.A. §§ 1110, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2017).

3. The criteria for establishing service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1110, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.385 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks service connection for cholangiocarcinoma because while it is a very rare form of cancer in the United States, it is more common in Pakistan and therefore it was caused by the time he was stationed in Pakistan while on active duty. In support, he submitted an expert opinion from an physician at the Mayo Clinic. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). As to his bilateral hearing loss and tinnitus, he claims he has both disabilities due to the noise he was exposed to during small arms training and on the flight line while on active duty in the USAF. Id.

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In addition, service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303(d). 

In order to establish service connection for the claimed disabilities there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The requirement of a current disability is "satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim." See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service connection for impaired hearing is subject to 38 C.F.R. § 3.385, which provides that impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 

The requirements for service connection for hearing loss as defined in 38 C.F.R. § 3.385 need not be shown by the results of audiometric testing during a claimant's period of active military service in order for service connection to be granted. 38 C.F.R. § 3.385 does not prevent a claimant from establishing service connection on the basis of post-service evidence of hearing loss related to service when there were no audiometric scores reported at separation from service. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). The regulation does not necessarily preclude service connection for hearing loss that first met the regulation's requirements after service. Hensley v. Brown, 5 Vet. App. 155, 159 (1993). Thus, a claimant who seeks to establish service connection for a current hearing disability must show, as is required in a claim for service connection for any disability, that a current disability is the result of an injury or disease incurred in service, the determination of which depends on a review of all the evidence of record including that pertinent to service. 38 U.S.C.A. § 1131; 38 C.F.R. §§ 3.303 and 3.304; Hensley, 5 Vet. App. at 159-60. The United States Court of Appeals for Veterans Claims (Court) in Hensley also held that "audiometric testing measures threshold hearing levels (in decibels (dB)) over a range of frequencies (in Hertz (Hz)); the threshold for normal hearing is from 0 to 20 dB, and higher threshold levels indicate some degree of hearing loss." Hensley, 5 Vet. App. at 157.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Board is charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Owens v. Brown, 7 Vet. App. 429, 433 (1995).

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

a. Cholangiocarcinoma

Post-service medical records show that the Veteran has been diagnosed as having cholangiocarcinoma. See, e.g., VA treatment records dated in September 2017. Next, the Veteran's service personnel records document his service in Peshawar, Pakistan, from November 1968 to May 1969, where he was exposed to an environmental agent that is a recognized etiology for cholangiocarcinoma. Therefore, the Board will concede his having an in-service injury. Moreover, in January 2018 Walter B. Franz, M.D., an expert physician at the Mayo Clinic, opined "it is more likely than not that the cholangiocarcinoma diagnosed in [the Veteran] resulted from his exposure to a known epidemiologic hazard (liver flukes) during his military service in Pakistan." This medical opinion is not contradicted by any other medical evidence of record. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions). Therefore, the Board finds that the most probative evidence shows that the Veteran has cholangiocarcinoma and it is due to his documented service in Peshawar, Pakistan, where he was exposed to a known epidemiologic hazard. See Owens v. Brown, 7 Vet. App. 429, 433 (1995) (holding that VA may favor the opinion of one competent medical expert over that of another when decision makers give an adequate statement of reasons and bases). Accordingly, the Board finds that the criteria for service connection for cholangiocarcinoma have been met and service connection is granted. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.303. 

i. Tinnitus

The threshold question that must be addressed is whether the Veteran actually has the disability for which service connection is sought, specifically tinnitus. In the absence of proof of a present disability, there is no valid claim (of service connection). See Degmetich v. Brown, 104 F.3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Here, the in-service and post-service record is negative for a diagnosis of tinnitus. In fact, the December 2015 VA examiner opined that the claimant did not have a diagnosis of tinnitus and this medical opinion is not contradicted by any other medical evidence of record. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions). Moreover, while the Veteran is competent to report on the symptoms he observed, the appellant denied having a problem with tinnitus when examined by VA in December 2015. See Davidson. Therefore, the Board finds that the Veteran does not have a diagnosis of tinnitus and thus the claim must be denied on this basis.

ii. Bilateral Hearing Loss

The in-service records, including the audiological examinations conducted at April 1965, December 1967, and March 1969 examinations, are negative for a diagnosis of hearing loss in either ear. Moreover, the Board finds that the post-service record is negative for credible evidence of a continued problem with hearing loss in and since service. See Owens. Furthermore, the December 2015 VA examiner opined that any hearing loss was not due to the Veteran's military service and this medical opinion is not contradicted by any other medical evidence of record. See Colvin. Further, while the Veteran is competent to report on the symptoms he observed, he is not competent to measure auditory thresholds in his ears and therefore he cannot provide the missing link to service. See Davidson. Accordingly, the Board finds that the most probative evidence of record shows that bilateral hearing loss is not due to the Veteran's military service and the claim is denied. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

In reaching these decisions, the Board considered the doctrine of reasonable doubt. However, as the preponderance of the evidence is against the Veteran's claims of service connection for tinnitus and bilateral hearing loss, the doctrine is not for application. See 38 C.F.R. § 3.102; Gilbert, supra.


ORDER

Service connection for cholangiocarcinoma is granted.

Service connection for tinnitus is denied.

Service connection for bilateral hearing loss is denied.





____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs