**Franklin D. OWENS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–218.**

United States Court of Veterans Appeals.

Argued Feb. 16, 1995.

Decided March 14, 1995.

Peter K. Dykema, Washington, DC, for appellant.

Joan E. Moriarty, Sr. Appellate Atty., with whom Mary Lou Keener, General Counsel, Norman G. Cooper, Asst. General Counsel, and Thomas A. McLaughlin, Deputy Asst. General Counsel, Washington, DC, were on the brief, for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

MANKIN, Judge:

The appellant, Franklin D. Owens, appeals the September 2, 1993, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for a disability of the temporomandibular joint (TMJ), including arthritis. The Secretary of Veterans Affairs (Secretary) filed a brief, and the appellant filed a brief and a reply brief. Oral argument was held on February 16, 1995. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons set forth below, the Court affirms the BVA decision of September 1993 and remands the case for adjudication of an unadjudicated claim.

## I.  FACTUAL BACKGROUND

The appellant, Franklin D. Owens, served on active duty in the United States Army from February 1, 1954, to March 17, 1959. His entrance medical exam is negative for any abnormality or medical problem other than a foot disorder. The appellant's service medical records (SMRs) from 1954 to 1956 use a different numbering system to designate teeth than that used in his 1957 to 1959 SMRs and in the September 1993 BVA decision. The Court adopts the latter used numbering system to analyze the appellant's claim. The February, March, and November 1954 SMRs report that the only missing teeth were the appellant's four wisdom teeth (numbered 1, 16, 17, and 32). The February 1954 SMR also shows that the teeth numbered 2, 3, 15, 18, 19, 28, 29, 30, and 31 were restorable-carious teeth. The SMRs show that repairs were made on the appellant's restorable-carious teeth.

In March 1955, teeth numbered 29, 30, and 31 were extracted. After the tooth numbered 30 was extracted, three sutures were required. The tooth numbered 2 was extracted in April 1955. In June 1955, the tooth numbered 14 was repaired.

Dental surveys in February 1956 and April 1957 reported that teeth numbered 1, 2, 16,

17, 29, 30, 31, and 32 were missing. During the April 1957 exam, x-rays were taken of teeth numbered 19 and 15, which were noted as abnormal or diseased. In March 1958, the tooth numbered 19 was extracted.

A January 1959 exam, performed two months before discharge, reported that the appellant's mouth and throat were normal. Extensive dental work was performed on the appellant in February 1959 including: (1) the treatment of teeth numbered 3, 4, 5, 6, 8, 11, 12, 15, 18, and 6 for restorable caries; and (2) root canal therapy on the tooth numbered 4.

The appellant filed a claim for a disability of the TMJ in March 1991. In the appellant's application for compensation, he said his joint dysfunction was caused by the removal of his posterior teeth without replacement while he was in the military. Two statements from private dentists were submitted with the appellant's claim. In the first statement, John D. Ward, D.D.S., reported that he began seeing the appellant in September 1988 for pain in the left TMJ area. Dr. Ward opined that "the lack of posterior occlusion had precipitated his [the appellant's] present problems.... It is quite common to see this type of problem when posterior occlusion is not re-established after extractions."

The second statement was given by C.Q. Cherry III, D.D.S., an oral surgeon. He stated that in October 1988 Dr. Ward referred the appellant to him for TMJ dysfunction and arthritis. Dr. Cherry also said that the appellant had "fairly severe" arthritis on the left side and that the appellant reported that his posterior teeth had been removed during service. In the statement Dr. Cherry opined:

> His [the appellant's] problem occurs from the fact that he had lost his posterior teeth some years earlier and had not had them replaced.... This increased pressure over a period of time caused the traumatic or overuse type of arthritis in the left temporomandibular joint. He states that he had his teeth removed in service and that the teeth were not replaced at the time of removal. Failure to replace the posterior teeth is a common cause of this type of problem.

The regional office (RO) denied the appellant's claim in an April 1991 decision. The decision said that there was no evidence of treatment for osteoarthritis within one year following discharge from service and that the SMRs showed no evidence of trauma to the TMJ during service. In May 1991, the appellant filed a Notice of Disagreement (NOD). In the NOD, he said that all of his right and left side lower teeth, and right side upper teeth were removed while he was in service. The appellant also requested reimbursement for surgery and support plates related to the TMJ claim. The RO submitted the appellant's NOD and dental bills to the Department of Veterans Affairs (VA) dental clinic as a claim for reimbursement for dental expenses.

In June 1991, the appellant submitted a Form 1–9, Appeal to the BVA. In the Form 1–9, the appellant said that when his teeth were extracted during service he should have been provided support plates as part of the treatment. The appellant testified at a hearing in July 1991. In August 1991, the VA requested the appellant's treatment records from Dr. Ward.

Dr. Cherry submitted an additional statement in which he reiterated what was in his previously submitted statement. He also stated that "he [the appellant] had a surgery to repair this [TMJ dysfunction] and since that time he has done fairly well. As far as I know, this has not caused him any disability whatsoever. His problem was completely cured." In October 1991, the VA had not received the requested treatment records from Dr. Ward and the RO notified the appellant that Dr. Ward had not responded. The appellant requested that the VA proceed with his claim without the additional medical records from Dr. Ward.

In January 1992, the appellant's claim for reimbursement was forwarded for the second time to the dental clinic for action. A March 1992 RO decision denied the appellant's claim for TMJ. The RO noted in the decision that the appellant had failed to report for a scheduled VA dental examination. The appellant sent the RO a letter stating that he was never notified of the time and date of the

examination. Subsequently, the RO scheduled another dental examination. In April 1992, a VA prosthodontist, Kelly A. Surratt, D.D.S., examined the appellant, reviewed the appellant's SMRs, and considered the reports from Dr. Ward and Dr. Cherry. Dr. Surratt reported that the appellant's dental records showed that on discharge "teeth 3–15, 18, and 20–28 remained resulting in sufficient posterior occlusal support" and that the appellant had misrepresented his dental history when he stated that all of his posterior teeth were taken out while he was in the military. In the examination report, Dr. Surratt said:

> [I]mportant is the etiology of inflammatory degenerative joint disease (osteoarthritis). TMJ varies from patient to patient and is affected by general factors of health, nutrition, host resistance, and body chemistry changes such as those occurring with hormonal imbalances. The onset of osteoarthritis in the TMJ is more complex than muscular overloading. The overloading of the temporomandibular joints is more commonly caused by posterior occlusal interferences that cause pivoting of the mandible which increases bruxism, clinching and muscle fatigue with possible subsequent pain. The missing posterior teeth are not the primary factor in this diagnosis, and it is debatable as to how significant it is and the role it plays....
>
> ....
>
> The evidence supports onset [sic] of his disease years after discharge from service and that the diagnosis and treatment while in service were appropriate and non-related to Mr. Owens' current problems. There is no evidence to support the alleged negligence.... With the available evidence, I am unable to support a [sic] service connection for the arthritis of the left temporomandibular joint and that [sic] it was not incurred in or aggravated by military service and the onset of the diagnosis had not developed within a reasonable time following discharge from service.

In July 1992, the RO issued a decision that denied the appellant's claim for service connection. After the rating decision, the appellant submitted additional statements in which he essentially reiterated what was in his previously submitted statements. The BVA rendered a decision in September 1993 denying the appellant's claim for entitlement to service connection for a disability of the TMJ, including arthritis. *Franklin D. Owens,* BVA 92–14 582 at 3 (Sept. 2, 1993).

## II. ANALYSIS

### A. Service connection for a TMJ disorder

■ Under 38 U.S.C. § 7261(a)(4), in order for this Court to overturn a BVA finding, this Court must conclude that the finding is "clearly erroneous." If there is a plausible basis in the record for the factual determination, this Court cannot overturn the BVA's factual determination. *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The determination of whether the appellant's injury was incurred in or aggravated by military service is a factual determination. The Court holds that the Board's denial of service connection for a disability of the TMJ, including arthritis, is not "clearly erroneous" because there is a plausible basis in the record for this finding.

■ In the BVA decision, the Board found:

> The in-service dental care, as reviewed by the VA dentist in April 1992, was reportedly not negligent. We conclude that the opinion offered by the VA dentist in April 1992 is more persuasive than those offered by Drs. Cherry and Ward in that the most recent opinion is based on a review of all the evidence on file, not merely the clinical history provided by the veteran. In entering a decision, a longitudinal review of the record is considered to be an important factor in reaching an informed opinion. In this case it appears that only the last examiner had the pertinent and accurate clinical history. The conclusions reached by Drs. Ward and Cherry were based on faulty medical history and as such, are insufficient, probatively, to outweigh the April 1992 opinion. The veteran has contended that there was negligence or that the treatment in service resulted in his problems. This is a medical conclusion

which requires medical expertise which the veteran does not have.

*Owens,* BVA 92–14 582, at 7–8 (citations omitted). The BVA was not bound to accept the appellant's uncorroboratèd testimony that teeth numbered 3, 4, 15, and 18 were removed in service, nor was it bound to accept the opinions of Drs. Ward and Cherry that were based on the appellant's recitation of his dental history. *See Wood v. Derwinski,* 1 Vet.App. 190, 192 (1991); *Wilson v. Derwinski,* 2 Vet.App. 614, 618 (1992). As the BVA noted in its opinion, the appellant's SMRs do not show that teeth numbered 3, 4, 15, and 18 were removed in service. While the opinions offered by Dr. Ward and by Dr. Cherry support a conclusion that the in-service removal of the appellant's posterior teeth and failure to replace the posterior teeth caused the disability of the TMJ, the BVA is not bound to accept the two opinions. *See Wilson, supra.* Because the appellant's testimony conflicts with his SMRs, the Board's rejection of the doctors' opinions, which were based on dental history related by the appellant, is justified.

■ Moreover, even if teeth numbered 3, 4, 15, and 18 had been removed in service, Dr. Surratt opined that the missing posterior teeth were not the primary factor in the development of the disability of the TMJ and that the significance of the missing teeth was debatable. The appellant has asserted that the Board erred in failing to accept the opinions offered by Dr. Ward and by Dr. Cherry about what caused the appellant's disability of the TMJ. It is not error for the BVA to favor the opinion of one competent medical expert over that of another when the Board gives an adequate statement of reasons and bases. It is the responsibility of the BVA, not this Court, to assess the credibility and weight to be given to evidence. *See Wood, supra.* Such assessments by the BVA will be overturned by this Court only if they are "clearly erroneous." *Sanden v. Derwinski,* 2 Vet.App. 97, 101 (1992); *Gilbert,* 1 Vet.App. at 52. The BVA's denial of service connection has a plausible basis in light of the entire record and is not clearly erroneous. The BVA also provided adequate reasons and bases for its decision. *See Gilbert* at 56.

## B.   Denial of reconsideration

■ The appellant seeks reversal based on the Board's denial of his motion for reconsideration. Pursuant to 38 U.S.C. §§ 7252 and 7261, the Court has jurisdiction to review the BVA Chairman's denial of reconsideration of prior and final BVA decisions. *See Patterson v. Brown,* 5 Vet.App. 362, 364–65 (1993). However, in *Losh v. Brown,* 6 Vet.App. 87, 90 (1993), this Court held that the Court's power to review the BVA Chairman's denial of reconsideration was limited and reviewable only if the appellant's motion for reconsideration alleged new evidence or changed circumstances. The appellant has failed to allege any new evidence or a change in circumstances, and, therefore, the Court does not have jurisdiction to review the Chairman's denial of the appellant's motion for reconsideration.

## C.   Service connection for tooth extractions

■ In the BVA decision, the Board failed to address the appellant's claim for service connection for the teeth that were extracted during service. The BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal. *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991); *Myers v. Derwinski,* 1 Vet.App. 127, 130 (1991). When the appellant reasonably raises a claim for a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit, or if appropriate, to remand the issue to the RO for development and adjudication of the issue. *See Suttmann v. Brown,* 5 Vet.App. 127, 132 (1993).

■ The Board erred in failing to address the appellant's claim for tooth extractions. At oral argument, counsel for the Secretary acknowledged that the appellant had teeth extracted during service. This claim was, therefore, well grounded and the Board erred when it did not adjudicate this issue. *See Payne v. Derwinski,* 1 Vet.App. 85, 87 (1990) ("Once a veteran raises a well grounded claim to which a regulation could reasonably apply, the BVA must apply that regulation or give the reasons and bases

explaining why it is not applicable."). Accordingly, the Court will remand the appellant's claim for tooth extractions for full development and adjudication. *See Travelstead v. Derwinski,* 1 Vet.App. 344 (1991).

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court: (1) affirms the BVA decision that denied service connection for a disability of the TMJ, including arthritis; and (2) remands the appellant's claim for service connection for tooth extractions. The appellant is free to introduce additional evidence on remand. *See Quarles v. Derwinski,* 3 Vet.App. 129, 140–41 (1992).

Accordingly, the BVA decision of September 2, 1993, is AFFIRMED in part, and REMANDED.