Citation Nr: 1126169 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 07-06 429 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas


THE ISSUE

Entitlement to service connection for loss of balance. 


REPRESENTATION

Veteran represented by: Kathy A. Lieberman, Attorney at Law


ATTORNEY FOR THE BOARD

M. Taylor, Counsel


INTRODUCTION

The Veteran had active service from January 1952 to January 1956.

This matter arises before the Board of Veterans' Appeals (Board) on appeal from a November 2006 rating decision of the Department of Veterans Affairs (VA) Medical and Regional Office (RO) in Wichita, Kansas. 

This case has previously come before the Board. Most recently, the Secretary and the Veteran (the parties) filed a joint motion for remand (JMR). In October 2010, the Court vacated the Board's May 2009 decision pertaining to the issue of entitlement to service connection for loss of balance, to include as secondary, to tinnitus. The case has been returned to the Board for further appellate review. 


FINDING OF FACT

There is competent evidence tending to establish that a vestibular disorder manifested by loss of balance/dizziness is proximately due to service-connected hearing loss. 


CONCLUSION OF LAW

A vestibular disorder manifested by loss of balance/dizziness is proximately due to service-connected disease or injury. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. §3.310 (2010). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

There has been a significant change in the law with the enactment of the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326. The Veteran's claim is being granted. As such, any deficiencies with regard to VCAA are harmless and nonprejudicial.

Criteria

Service connection may be granted for disability resulting from disease or injury incurred or aggravated in service. 38 U.S.C.A. § 1110 (West 2002 & Supp. 2009). Service connection basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces. 38 C.F.R. §§ 3.303, 3.304 (2010).

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. Service connection may be granted for any disease diagnosed after discharge, when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303. 

Except as provided in 38 C.F.R. § 3.300(c), disability that is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310 (2010). This includes an increase in disability. When aggravation of a veteran's nonservice-connected condition is proximately due to or the result of a service-connected condition, such veteran shall be compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. Allen v. Brown, 7 Vet. App. 439, 448 (1995).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Analysis

The Veteran asserts entitlement to service connection for loss of balance. Having considered the evidence, a finding in favor of service connection is supportable. 

The Board notes that there is both positive and negative evidence in this case. When faced with conflicting medical opinions, the Board must weigh the credibility and probative value each of the opinions, and in so doing, the Board may favor one medical opinion over the other. See Evans v. West, 12 Vet. App. 22, 30 (1998) (citing Owens v. Brown, 7 Vet. App. 429, 433 (1995)). It is the Board's fundamental responsibility to evaluate the probative value of all medical and lay evidence of record. See Owens, Gabrielson v. Brown, 7 Vet. App. 36 (1994); see also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) [observing that the evaluation of medical evidence involves inquiry into, inter alia, the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches]. 

In this case, a September 2001 VA record reflects complaints of loss of balance and dizziness, and the assessment entered was rule out vestibular disorder, most likely vestibulitis. In addition, and while the January 2009 VA opinion is to the effect that the Veteran did not have a current loss of balance, a June 2011 private medical opinion noting symptoms to include dizziness and loss of balance attributable to service-connected noise-induced hearing loss (NIHL). The opinion notes, in pertinent part, as follows:

In summary, while it is not common for NIHL to cause dizziness, there have been studies done that demonstrate NIHL can affect the vestibular system and therefore cause problems with vertigo/balance/dizziness. It is thus my medical opinion that [the Veteran] suffered from noise induced hearing loss secondary to his years of work with jet engines prior to any regulations to protect hearing at those high decibel levels. The NIHL resulted in his symptoms of bilateral hearing loss (service connected), tinnitus (service connected) and dizziness. Therefore, it is more likely than not that [the Veteran's] dizziness is secondary to his NIHL incurred in service. 

Support for the opinion was provided via detailed findings based on studies relevant to vestibular function. As reflected in a November 2006 rating decision, service connection has been established for bilateral hearing loss and tinnitus. 

In this case, there is competent evidence tending to establish that a vestibular disorder manifested by dizziness/loss of balance is related to service-connected hearing loss. Having resolved all doubt in the Veteran's favor, the Board finds service connection is warranted for a vestibular disorder manifested by dizziness/loss of balance. 

The evidence is in favor of the claim. Consequently, the benefits sought on appeal are granted. 


ORDER

Service connection for a vestibular disorder manifested by dizziness/loss of balance secondary to hearing loss is granted. 



____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs