Citation Nr: 1527815 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 15-05 080 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities ("TDIU"). 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Appellant, Appellant's wife and son. 


ATTORNEY FOR THE BOARD

K. Anderson, Associate Counsel 

INTRODUCTION

The Veteran had active military service from and from August 1943 to August 1946 and from May 1951 to September 1952. 

This matter comes to the Board of Veterans' Appeals (Board) from a July 2014 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. 

The Veteran testified at a hearing before the Board in May 2015. A VLJ who conducts a hearing must fully explain the issues and suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). Here, during the hearing, the Veteran was assisted by a representative, and both the representative and the VLJ asked relevant questions concerning the Veteran's symptoms and the resulting impairment, as well as the effect of his disability on his daily life and his occupation. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran is service connected for bilateral hearing loss evaluated at 70 percent; tinnitus evaluated at 10 percent; and residuals of laceration, left calf of leg evaluated as noncompensable. The Veteran overall disability is 70 percent from August 2013. 

2. The Veteran has a high school education and has not worked since 1987. 

3. The competent credible evidence of record is at least in equipoise as to whether the Veteran's service-connected disabilities prevent him from securing and following substantially gainful employment. 

CONCLUSION OF LAW

1. The criteria for entitlement to a TDIU have been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.16 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran seeks a total disability evaluation based on individual unemployability due to a service-connected disability. As detailed in the findings of fact, the Veteran has multiple service-connected disabilities with an overall disability rating of 70 percent from August 2013. The Veteran is directly service connected for bilateral hearing loss, tinnitus, and residuals of laceration, left calf of leg. The Veteran mets the schedular criteria for a total disability evaluation. 38 C.F.R. § 4.16(a). 

The Veteran filed a claim for TDIU in April 2014 and he was denied TDIU in a July 2014 rating decision. The RO denied the claim because there was insufficient evidence showing that the Veteran was unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities. 

The Veteran claims that his hearing loss is so severe that it renders him unable to secure employment. The Veteran testified at his hearing that he was previously employed by the State of Virginia for 20 years working with handicap Veterans and those in need of rehabilitation. Subsequently, he worked for the VA Central Office in Washington, DC for 16 years. He stated that he retired because he could no longer hear what was being said at work. He reported that he tried to find work in the private sector after he retired but he was not able to find employment due to his hearing loss. The Veteran further testified that he is not able to hear instructions or hear people when they are speaking to you. He claims that on some occasions his wife has to be directly in his ear for him to understand what she is saying. The Veteran goes to church every Sunday and has to sit on the front pew in order to hear the sermon. The Veteran's wife testified that it has been difficult for the Veteran to secure employment because he is unable to interact with people due to his hearing loss. The Veteran's son testified that there is a lot of screaming in the house because the Veteran cannot understand what people are saying to him. Lastly, the VLJ at the hearing noted that the Veteran had an extreme difficulty hearing other people who were in the room with the Veteran during his hearing. 

The examiner at the July 2014 VA examination stated that the Veteran has moderate-severe to severe bilateral hearing loss. The Veteran may experience difficulty understanding speech in a quiet, from a distance and in background noise. However, it was the examiner's opinion that the Veteran's hearing loss in no way limited his ability to function in an occupational environment. A VA medical opinion from December 2014 states that the Veteran experienced some auditory processing and cognitive difficulties as he aged. Therefore, the Veteran's inability to function in an occupational environment is more related to his age and cognitive processing difficulties than solely from his degree of hearing loss. 

As evidence to support his claim, the Veteran submitted medical records from his private audiologist Dr. C at Augusta Audiology Associates dated November 2013. Dr. C states that the Veteran has severe sensorineural hearing loss at all frequencies in the left ear and severe to profound sensorineural hearing loss at all frequencies in the right ear. It was noted that the Veteran has difficulty hearing sounds such p, h, g, ch, sh, s, f, and th in conversational speech and thus has difficulty understanding spoken word. Further, speech understanding is further compromised due to the Veteran's severe difficulty in auditory processing. Without the benefit of amplification, the Veteran struggles with communication. 

It is the Board's fundamental responsibility to evaluate the probative value of all medical and lay evidence. See Owens v. Brown, 7 Vet. App. 429 (1995); Gabrielson v. Brown, 7 Vet. App. 36 (1994); see also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (observing that the evaluation of medical evidence involves inquiry into, inter alia, the medical expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches).
In the present case, the Board finds the opinion of the private audiologist and the statements made at the Veteran's hearing to be more probative than the VA examiners opinion. The Board takes note of the VA examiners opinion because it is was solely based on the Veteran's age. However, in instances of a total disability rating, age is one factor that cannot be taken into consideration. See 38 C.F.R. § 4.19 (age may not be considered as a factor in evaluating service connected disability; and unemployability, in service-connected claims, associated with advancing age or intercurrent disability, may not be used as a basis for a total disability rating). 

Based on the evidence of record, the Board finds that a TDIU is warranted in this case. The Veteran meets the schedular criteria for a TDIU throughout the appeal period, and the overall weight of the evidence is at least in equipoise as to whether the Veteran's service-connected hearing loss, precludes him from communicating effectively with others as required by employment. 

Even though the VA examiner stated that he could work, the opinion was based on a rationale that is prohibited in this instance. The Board notes that the Veteran was forced to retire due to his hearing disability, the Veteran's wife and son testified that they have to shout at him in order to be heard and even that does not always work. Further, the Veteran's private audiologist noted that there are speech recognition sounds that the Veteran cannot hear due to the severity and of his hearing loss. Lastly, the VLJ noted that the Veteran could not hear well at his Board hearing and could barely understand his representative, his wife or his son who were in the room with the Veteran

"A Veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Entitlement need not be established beyond a reasonable doubt, by clear and convincing evidence, or by a fair preponderance of the evidence. Under the benefit of the doubt doctrine established by Congress, when the evidence is in "relative equipoise, the law dictates that the Veteran prevails." Id. 

In light of the evidence discussed above, and resolving all doubt in favor of the Veteran, the Board finds entitlement to a TDIU is warranted in the instant case.

Duty to Notify and Assist 

Since the entire benefit sought on appeal has been granted, no purpose would be served by undertaking an analysis of whether there has been compliance with the notice and duty to assist requirements set out in the Veterans Claims Assistance Act (VCAA) of 2000 (codified at 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2002)). See, e.g., Bernard v. Brown, 4 Vet. App. 384 (1993); VAOPGCPREC 16-92, 57 Fed. Reg. 49,747 (1992).


ORDER

Entitlement to a TDIU is granted, subject to the laws and regulations governing the payment of monetary benefits.



____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs