﻿Citation Nr: AXXXXXXXX
Decision Date: 02/14/19 Archive Date: 02/14/19

DOCKET NO. 181003-476
DATE: February 14, 2019

ORDER

Service connection for lung cancer is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his lung cancer is at least as likely as not related to in-service asbestos exposure.

CONCLUSION OF LAW

The criteria for service connection for lung cancer have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from October 1972 to November 1974.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the evidence submission review lane, allowing him 90 days to submit evidence pertinent to his claim.

Service Connection

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires competent and credible evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

1. Service connection for lung cancer

The Veteran is seeking entitlement to service connection for lung cancer, which he contends is due to asbestos exposure during his active naval service. 

The AOJ found that the Veteran had a current diagnosis of lung cancer and that he had probable exposure to asbestos as an electrician’s mate in-service.

The question in this case is whether a causal relationship or nexus exists between the Veteran's lung cancer and his active service. 

The Board finds that resolving reasonable doubt, the Veteran's lung cancer is more likely than not due to his in-service asbestos exposure. 

The Veteran was afforded a VA examination in April 2017. At that time, the Veteran examiner opined that the Veteran's lung cancer was less likely than not related to asbestos exposure, stating that asbestos exposure would cause asbestosis, but not cancer. However, the examiner offered no clinical basis to support this conclusion.

In February 2018, the Veteran was afforded another VA respiratory examination. The February 2018 VA examiner concluded that the Veteran's lung cancer was at least as likely as not caused by his in-service asbestos exposure. He explained that medical literature shows that exposure to lung cancer is associated with an increased risk of lung cancer. He noted that the Veteran had probable exposure to asbestos in service and that this was more likely than not the cause of his current lung cancer. The Board finds the February 2018 VA medical opinion to be more probative than the April 2017 VA medical opinion since unlike the April 2017 opinion, the February 2018 opinion is based on scientific research regarding the relationship between asbestos exposure and cancer. See Owens v. Brown, 7 Vet. App. 429, 433 (1995) (The Board does not err by favoring one competent medical opinion over another); Gabrielson v. Brown, 7 Vet. App. 36, 40 (1994) (Greater weight may be placed on one examiner’s opinion over another depending on factors such as reasoning employed by the examiners and whether or not, and the extent to which they reviewed prior clinical records and other evidence). 

VA outpatient treatment records were also reviewed and reflect that the Veteran's smoking and alcohol use were noted as cancer risk factors; however, none of the Veteran's treatment providers have offered an explicit opinion concerning the etiology of the Veteran’s lung cancer. 

Based on all the above evidence, the Veteran had a number of risk factors for lung cancer, including smoking, alcohol use, and asbestos exposure, and there are conflicting medical opinions regarding the etiology of the Veteran's lung cancer. However, the most probative medical opinion before the Board found a relationship between the Veteran's lung cancer and in-service asbestos exposure. The Board finds that the evidence is at least in equipoise, and affording the Veteran the benefit of the doubt, service connection for lung cancer is granted. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD E. D. Anderson, Counsel