﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191224-50894
DATE: October 30, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea (OSA), to include as secondary to posttraumatic stress disorder (PTSD) with major depressive disorder, is granted.

FINDING OF FACT

Finding the evidence at least in equipoise and resolving all doubt in favor of the Veteran, his OSA is at least as likely as not caused by his service-connected PTSD.

CONCLUSION OF LAW

The criteria for entitlement to service connection for OSA, to include as secondary to PTSD with major depressive disorder, have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the Navy and Naval Reserves on both active and inactive duty, to include confirmed periods of Active Duty from January 1990 to September 1993; January 2006 to October 2006; March 2010 to October 2010; January 2012 to September 2012; May 2013 to November 2013; and from January 2014 to August 2016.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a November 2019 rating decision issued by the Department of Veterans’ Affairs (VA) Regional Office (RO). 

The Veteran filed a service connection claim for OSA in October 2018, which the RO denied in a February 2019 rating decision. The Veteran filed a supplemental claim in May 2019. Following the November 2019 rating decision, the Veteran timely appealed in a December 2019 VA Form 10182, wherein he elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the Agency of Original Jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Entitlement to service connection for OSA, to include as secondary to PTSD with major depressive disorder, is granted.

The Veteran contends his OSA is caused or aggravated by his service-connected PTSD with major depressive disorder. The Board finds service connection is warranted. 

Service connection may be granted for a disability resulting from personal injury suffered or disease contracted in the line of duty, or for the aggravation of a pre-existing injury or disease in the line of duty. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). The elements of direct service connection are: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service,” also known as the nexus element. Shedden v. Principi, 381 F.3d 1163, 1167 (2004).

The Veteran is already service-connected for, among other things, PTSD with MDD. In the event a Veteran has at least one service-connected disability, he or she may be entitled to benefits based on a secondary service connection. In order to establish a secondary service connection, the Veteran must show: (1) a current disability that is not already service-connected; (2) at least one service-connected disability; and, (3) evidence that the non-service-connected disability is either proximately due to or aggravated beyond its natural progression by a service-connected disability. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439, 444 (1995).

Service treatment records do not show in-service incurrence of sleep apnea. In fact, during a service-related examination, the Veteran was found not to have OSA requiring CPAP use. See March 2013 examination. Upon separation, the Veteran described himself to be in good health and did not report any symptoms related to OSA. See May 2016 separation examination. 

About two years after service, the Veteran’s sleep apnea was first diagnosed in September 2018 after he completed a sleep study. See September 2018 VA treatment records. He began using CPAP for his OSA in October 2018. See October 2018 and October 2019 VA treatment records.

The Veteran does not contend he incurred sleep apnea during his military service or related to some in-service event. Rather, his contention is that his current sleep apnea is related to or caused by his service-connected PTSD.

To ascertain the likelihood of such a relationship, the Veteran was afforded an in-person VA examination in February 2019 wherein the examiner opined that there was “a lack of medical evidence reporting sleep apnea to be caused by depression or any other mental condition.” See February 2019 VA examination. 

He was afforded another in-person VA examination in August 2019 following which the examiner opined that the Veteran’s OSA is at least as likely as not due to or the result of his service-connected PTSD. See August 2019 VA examination. The examiner reasoned that the Veteran has an established diagnosis of depression and PTSD since 2007 which increased his risk of OSA. Id. The examiner relied upon a study addressing the relationship between PTSD and OSA finding, of the Veterans screened, more than half were assessed as being at high risk for OSA with the severity of PTSD symptoms increasing the risk of OSA. See US National Library of Medicine National Institutes of Health, “Obstructive Sleep Apnea and Posttraumatic Stress Disorder among OEF/OIF/OND Veterans,” https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4410924/ (Last visited October 26, 2020). The study also found that Veterans with PTSD screened as high risk for OSA at much higher rates than those seen in community studies. Id.

In September 2019, a VA examiner reviewed the Veteran’s records and claims file issuing an opinion stating that his OSA is less likely as not due to or the result of depression. See September 2019 VA examination report. The examiner reasoned that there is no medical evidence of a causation correlation. Id. The examiner stated that she disagreed with the August 2019 opinion based upon reliance on medical literature and studies from various institutions. Id. She further explained that medical studies are “not of medical value to rely on in treating patients or stating a medical legal opinion” unless supported by medical books and other studies. Id.

In October 2019, a VA examiner reviewed the Veteran’s records and claims file issuing an addendum opinion stating that the Veteran’s OSA is less likely than not due to his PTSD. See October 2019 VA addendum. The examiner reasoned that OSA is due to mechanical closure of the airway with multiple conditions predisposing individuals to OSA. Id. The examiner listed two sources that further explained OSA while also noting a list of multiple risk factors including excess weight, narrowed airways, high blood pressure, chronic nasal congestion, smoking, diabetes, sex, family history, and asthma. Id.

At the outset, the Board notes all the VA examinations, opinions, and addendums failed to address whether the Veteran’s OSA is aggravated by his PTSD with major depressive disorder. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013) (holding that a VA examination does not adequately address aggravation unless it rules out the possibility of aggravation). The Board finds, however, the opinions addressing causation only are still able to have probative value for determining service connection. See Monzingo v. Shinseki, 26 Vet. App. 97, 107 (2012) (holding “Furthermore, even if a medical opinion is inadequate to decide a claim, it does not necessarily follow that the opinion is entitled to absolutely no probative weight.”). 

As noted above, the Veteran was diagnosed with OSA in 2018. He was granted service connection for PTSD with major depressive disorder in a December 2017 rating decision. Thus, the issue is whether his OSA is proximately due to or aggravated beyond its natural progression by his service-connected PTSD with major depressive disorder. 

The Board finds the causation opinions to be adequate in relation to causation only, as they are all based upon a review of the Veteran’s medical history and provide the rationale and bases for the opinions offered. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). When there are multiple opinions before the Board, it is within the Board’s purview to evaluate the medical evidence and favor one medical opinion over another. See D’Aries v. Peake, 22 Vet. App. 97, 107 (2008); see also Owens v. Brown, 7 Vet. App. 429, 433 (1995). The Board is to determine the credibility and probative weight to be afforded to the opinions. See Guerrieri v. Brown, 4 Vet. App. 467, 471 (1993) (explaining that “the credibility and weight to be attached to these opinions... is, in the first instance, within the province of the adjudicators”). 

The Board finds the August 2019 VA examination to be highly probative. The examiner specifically relied upon a study discussing the increased risk of OSA amongst individuals with PTSD. The Board notes the Veteran was diagnosed with OSA after PTSD. Further, the examiner considered the Veteran’s entire medical history including any other risk factors in determining that his OSA was at least as likely as not caused by his PTSD.

The September 2019 opinion discussing depression failed to specifically include the studies on which the examiner relied. Further, the examiner stated that she disagreed with reliance upon the study cited in August 2019, because a study cannot be used for medical treatment or an opinion unless it is supported by medical books or other studies. The Board notes however, the standard upon which service connection is granted is whether it is at least as likely as not, 50 percent or greater probability. The August 2019 examiner determined based upon a review of a study specifically discussing OSA and PTSD that it is at least as likely as not the Veteran’s OSA was caused by his PTSD.

The October 2019 addendum opinion cited other risk factors associated with the development of OSA. The Board notes, the Veteran was informed of a risk of developing OSA due to weight. See October 2010 VA treatment record. The Board finds, however, the October 2019 examiner did not address whether any of the noted risk factors applied to the Veteran. Further, the examiner did not reason why any applicable risk factors made it less likely than not the Veteran’s OSA was caused by his PTSD.

Thus, finding the evidence is at least in equipoise that the Veteran’s OSA was caused by his PTSD and resolving all doubt in favor of the Veteran, service connection for OSA secondary to PTSD is warranted.

 

 

Shereen M. Marcus

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A.C. Allen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.