﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200110-54547
DATE: November 30, 2020

ORDER

Entitlement to service connection for cervical spine disc disease is granted. 

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his cervical spine disc disease is the result of an in-service injury.

CONCLUSION OF LAW

The criteria for service connection for cervical spine disc disease are met. 38 U.S.C. §§ 1110, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Marine Corps from December 1965 to April 1967, to include service in Vietnam.

This matter comes before the Board of Veterans’ Appeal from a December 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a timely Form 10182 in January 2020, which has perfected this appeal before the Board. He requested review of his claim under the Direct Review option. Under this option, the Board reviews the same evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ) decision.

Service Connection

Generally, service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The Board recognizes that in the case of any veteran who engaged in combat with the enemy in active service with a military, naval, or air organization of the United States during a period of war, campaign, or expedition, the Secretary shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. The reasons for granting or denying service connection in each case shall be recorded in full. 38 U.S.C. § 1154(b). In this case, the Veteran's service personnel records show that he was awarded the Vietnam Campaign medal with device and that his military occupational specialty (MOS) was rifleman. See DD Form 214. As such, he was a combat Veteran. 

The Federal Circuit has held that, in the case of a combat veteran, not only is the combat injury presumed, but so, too, is the disability due to the in-service combat injury. Reeves v. Shinseki, 682 F.3d 988, 998-99 (Fed. Cir. 2012). To establish entitlement to service connection, however, there still must be evidence of a current disability and a causal relationship between the current disability and the combat injury. Id. (citing Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to service connection for cervical spine disc disease is granted.

The Veteran contends that he injured his neck when he dived into a foxhole to avoid enemy fire while in service. See March 2020 Appellate Brief. As noted above, the Veteran is a combat veteran and the Board finds that this incident occurred under 38 U.S.C. § 1154 and Reeves v. Shinseki, supra.

The Veteran’s service treatment records are silent to any complaints, diagnosis, or treatments of a cervical spine injury. 

The Board notes that the record contains two separate nexus opinions which must be considered and weighed. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (citing Wood v. Derwinski, 1 Vet. App. 190, 193 (1991)). See also Guerrieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (stating that the probative value of medical evidence is based on the physician's knowledge and skill in analyzing the data, and the medical conclusion the physician reaches; as is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board). When faced with conflicting medical opinions, the Board may favor one medical opinion over the other. See Evans v. West, 12 Vet. App. 22, 30 (1998), citing Owens v. Brown, 7 Vet. App. 429, 433 (1995). 

In a July 2016 note by the Veteran’s treating VA physician, Dr. J.L., the physician explains that he has been treating the Veteran for degenerative spine disease of the cervical region. The physician explains that symptoms usually start out early in life and progress over time and that the Veteran had not reported any major trauma to the cervical spine other than an event during active military duty, that required treatment for his injury. In a November 2018, Dr. J.L. this physician stated that the Veteran had undergone a number of procedures for his neck disability, had reported a history of a significant injury to his neck when he had to dive head first into a foxhole in 1966 during the Vietnam War to avoid enemy fire and that he continues to explain that the injury involved a direct blow to the neck striking this area when he landed. The physician opined that the injuries the Veteran suffered while on active duty as described, more likely than not caused or contributed to his chronic cervical spine disease. This physician based his opinions on his treatment history with the Veteran and established that the Veteran’s reported source of injury has been consistent. Furthermore, the medical opinion contained a clear conclusion with supporting rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2009); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (“[A] medical opinion…must support its conclusion with an analysis the Board can consider and weight against contrary opinion”). Therefore, this medical opinion is of great probative value.

In the September 2018 VA examination, the examiner opined that the Veteran had a diagnosis of a neck injury that was not at least as likely as not (50 percent or greater probability) incurred in or caused by the sustained injury in Vietnam during service. The examiner reasoned that there was no objective evidence of the neck injury documented in the currently available service treatment records. The examiner provided the same opinion in an April 2019 addendum opinion. However, this examiner did not consider that the Veteran was a combat veteran and that this reported injury occurred during combat service. This September 2018 opinion and April 2019 addendum opinion are therefore being afforded little, if any, probative weight.

The Board notes that it is prohibited from developing additional evidence for the purpose of obtaining evidence against a claimant's case. See Mariano v. Principi, 17 Vet. App. 305 (2003). There is no probative opinion of record that offers an conclusion contrary to the November 2018 opinion. The Board also finds that the Veteran has competently provided lay evidence regarding the onset of symptomatology. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (lay evidence can be competent and sufficient to establish a diagnosis of a condition when lay testimony describing symptoms at the time supports a later diagnosis by a medical professional).

Thus, in reaching the foregoing determinations, the Board has applied the benefit of the doubt doctrine and resolved all doubt in the Veteran's favor. The Board finds that entitlement to service connection for cervical spine disc disease is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. Service connection for cervical spine disc disease is granted.

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Adeyemi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.