﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200103-51710
DATE: December 31, 2020

ORDER

Service connection for bilateral hearing loss is denied.

Service connection for bilateral tinnitus is denied.

FINDINGS OF FACT

1. The preponderance of the evidence does not support a finding that the Veteran’s bilateral hearing loss is related to his active service. 

2. The preponderance of the evidence does not support a finding that the Veteran’s bilateral tinnitus is related to his active service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385. 

2. The criteria for service connection for bilateral tinnitus have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from August 1971 to June 1982. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a December 2019 Appeals Modernization Act (AMA) rating decision. The Veteran timely appealed the decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). As this appeal comes to the Board through the Direct Review lane of AMA, the resulting Board decision is based upon the evidence of record at the time of that prior decision. 

In the December 2019 rating decision, the AOJ favorably found that the Veteran had a qualifying event, injury, or disease in service—specifically that his military occupational specialty as a medical specialist serving in Korea and Germany, resulted in a high probability of noise exposure. Also, the record reflects findings of bilateral sensorineural hearing loss pursuant to 38 C.F.R. § 3.385 and of bilateral tinnitus. VA has conceded the Veteran’s in-service noise exposure and current diagnoses of bilateral hearing loss and bilateral tinnitus. The Board is bound by these favorable findings. 38 C.F.R. § 3.104. 

Service connection for bilateral hearing loss and bilateral tinnitus 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Service connection requires competent evidence of (1) a current disability; (2) the incurrence or aggravation of a disease or injury during service; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; the thresholds for at least three of these frequencies are 26 or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155 (1993).

When all evidence is assembled, VA must determine whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case the claim is denied. Gilbert v. Derwinski¸ 1 Vet. App. 49 (1990).

Here, the Veteran asserts that service connection for bilateral hearing loss and for bilateral tinnitus is warranted. Although a service separation examination is not contained in the claims folder, the service treatment records that are available are silent concerning any hearing loss or tinnitus symptoms. Specifically, the Veteran’s hearing was normal at enlistment and at a May 1972 flight physical. 

Additionally, post-service medical records are silent concerning any hearing loss or tinnitus symptoms, or diagnoses until many years after discharge from active duty. A May 1988 VA medical examination indicated that the Veteran had no noted hearing loss. Additionally, a September 2005 Neurology Initial Evaluation indicated normal hearing – “hearing whisper good, AC>BC bilaterally.” 

Not until a November 2019 VA audiological examination did the Veteran report an approximate onset date of his bilateral hearing loss (which he described as beginning approximately 3 – 4 years prior to the examination). He also reported the onset of his tinnitus symptoms as approximately two years prior to that examination. The VA examiner diagnosed bilateral sensorineural hearing loss but stated that she was unable to give an etiological opinion without resorting to speculation on the Veteran’s hearing loss because the service records contained no audiogram at separation. The examiner was also unable to determine whether the Veteran’s tinnitus was the result of military noise exposure, or was due to other factors, including post-service occupational noise exposure. 

Indeed, the lack of any evidence showing that the Veteran exhibited hearing loss consistent with the regulatory threshold requirements for hearing disability during service (38 C.F.R. § 3.385) is not fatal to his claim. The laws and regulations do not require in-service complaints of, or treatment for, hearing loss, to establish service connection. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Where there is no evidence of the Veteran's hearing disability until many years after separation from service, “if evidence should sufficiently demonstrate a medical relationship between the appellant's in-service exposure to loud noise and his current disability, it would follow that the appellant incurred an injury in service.” Hensley v. Brown, 5 Vet. App. 155, 160 (1993). Therefore, the VA examiner's opinion cannot serve as the basis of a denial.

In this regard, in order to adjudicate the claims, the Board must assess the competence and credibility of the Veteran. Washington v. Nicholson, 19 Vet. App. 362 (2005). The Board must also assess the credibility, and therefore the probative value, of the evidence of record in its entirety. Owens v. Brown, 7 Vet. App. 429 (1995). In determining whether statements and documents submitted by a Veteran are credible, the Board may consider internal consistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. Caluza v. Brown, 7 Vet. App. 498 (1995).

Hearing loss and tinnitus manifest the types of symptoms that are readily amenable to lay observation as they are subjective to the claimant. The Veteran is competent to report his symptoms and their frequency. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). In the current appeal, the evidence of record indicates that the Veteran’s own report of hearing loss and tinnitus onset nearly 30 years after his separation from service. Nothing in the record contradicts his statements. Therefore, the Board finds the Veteran’s statements to be credible and probative. 

In reviewing this appeal, the Board has considered the Veteran’s assertions regarding his bilateral hearing loss and bilateral tinnitus claims. The Board finds, however, that service connection for these disabilities is not warranted. The record contains no positive (or negative) nexus opinion relating these disabilities to the Veteran’s service. Further, by his own statements, he describes the onset of his hearing loss and tinnitus symptoms occurring nearly 30 years after service. 

Therefore, in light of the probative evidence of record, the record does not support the claims for service connection for bilateral hearing loss or tinnitus. In reaching this determination, the Board is mindful that all reasonable doubt is to be resolved in the Veteran’s favor. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). However, because the preponderance of the evidence is against these claims, they must be denied. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. R. Bobb, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.