Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200212-60721
DATE: August 31, 2021

ORDER

Entitlement to a disability rating in excess of 40 percent for prostate cancer is denied.

FINDINGS OF FACT

The preponderance of the evidence shows that therapeutic procedures to treat the Veteran's prostate cancer have ceased, there has been no local recurrence or metastasis of his prostate cancer, and his residuals neither include renal dysfunction or a need to wear absorbent materials which must be changed more than four times per day or the uses an appliance at any time during the pendency of the appeal.

CONCLUSION OF LAW

The criteria for a disability rating in excess of 40 percent for prostate cancer have not been met at all times during the pendency of the appeal. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.2, 4.3, 4.7, 4.14, 4.115a, 4.115b, Diagnostic Codes 7527, 7528.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from May 1968 to May 1971 in the United States Army.

This appeal comes to the Board of Veterans' Appeal (Board) under the Appeals Modernization Act (AMA) review system. See 84 Fed. Reg. 138 (Jan. 18, 2019).

In this regard, the February 2020 VA form 10182, Decision Review Request: Board Appeal (AMA Notice of Disagreement), the Veteran elected the Direct Review Lane. Therefore, the Board may only consider the evidence of record at the time of the decision on appeal.

Initially, as to the characterization of the issue on appeal, the Board finds that the issue is a claim for an increased rating and not a restoration claim because, as discussed in more detail below, the Veteran's prostate cancer is rated under 38 C.F.R. §§ 4.115b, Diagnostic Code 7528 and it provides only a temporary 100 percent rating for prostate cancer for the first six months following the cessation of surgical, x-ray, antineoplastic chemotherapy, or other therapeutic procedure and thereafter, if there is no local reoccurrence or metastasis, it is rated on residuals as voiding dysfunction or renal dysfunction.

Lastly, the Board notes that evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of entitlement to an increased rating for prostate cancer, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

The Rating Claim

The Veteran claims, in substance that at all times during the pendency of his appeal he is entitled to a higher rating for his prostate cancer.

Disability evaluations are determined by the application of a schedule of ratings which is based, as far as can practically be determined, on the average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Each service-connected disability is rated on the basis of specific criteria identified by a Diagnostic Code. 38 C.F.R. § 4.27. When rating the Veteran's service-connected disability, the entire medical history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Separate higher or lower compensable evaluations may be assigned for separate periods of time if such distinct periods are shown by the competent evidence of record during the appeal, a practice known as "staged" ratings. See Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119, 126 (1999).

Regulations require that where there is a question as to which of two evaluations is to be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

The assignment of a particular diagnostic code is "completely dependent on the facts of a particular case." See Butts v. Brown, 5 Vet. App. 532, 538 (1993). One diagnostic code may be more appropriate than another based on such factors as an individual's relevant medical history, the current diagnosis and demonstrated symptomatology. Any change in a diagnostic code by VA must be specifically explained. Pernorio v. Derwinski, 2 Vet. App. 625 (1992).

In evaluating the evidence, the Board has been charged with the duty to assess the credibility and weight given to evidence. Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Indeed, the Court has declared that in adjudicating a claim, the Board has the responsibility to do so. Bryan v. West, 13 Vet. App. 482, 488-89 (2000). In doing so, the Board is free to favor one medical opinion over another, provided it offers an adequate basis for doing so. Owens v. Brown, 7 Vet. App. 429, 433 (1995).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran's prostate cancer is rated as 40 percent disabling under 38 C.F.R. §§ 4.115b, Diagnostic Code 7528.

In this regard, under Diagnostic Code 7527 prostate gland injuries are rated as voiding dysfunction or renal dysfunction, whichever is predominant.

Under Diagnostic Code 7528 malignant neoplasms of the genitourinary system are rated as 100 percent disabling. Note: Following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of §3.105(e) of this chapter. If there has been no local recurrence or metastasis, rate on residuals as voiding dysfunction or renal dysfunction, whichever is predominant.

Renal dysfunction is rated under 38 C.F.R. § 4.115a, Diagnostic Code 7101.

In this regard, under Diagnostic Code 7101 a 30 percent rating is warranted for albumin constant or recurring with hyaline and granular casts or red blood cells; or, transient or slight edema or hypertension at least 10 percent disabling under Diagnostic Code 7101. A 60 percent rating is warranted for constant albuminuria with some edema; or, definite decrease in kidney function; or, hypertension at least 40 percent disabling under Code 7101. An 80 percent rating is warranted for persistent edema and albuminuria with BUN 40 to 80mg%; or, creatinine 4 to 8mg%; or, generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion. A 100 percent rating is warranted for requiring regular dialysis or precluding more than sedentary activity from one of the following: persistent edema and albuminuria; or, BUN more than 80mg%; or, creatinine more than 8mg%; or, markedly decreased function of kidney or other organ systems, especially cardiovascular.

Voiding dysfunctions are rated under the three subcategories of urine leakage, urinary frequency, and obstructed voiding. 38 C.F.R. § 4.115a. 

As to continual urine leakage, post-surgical urinary diversion, urinary incontinence, or stress incontinence requiring the wearing of absorbent materials which must be changed less than two times per day warrants a 20 percent rating; the need to wear absorbent materials which must be changed two to four times per day warrants a 40 percent rating; and the use of an appliance or wearing of absorbent materials which must be changed more than four times per day warrants a 60 percent rating. Id.

Urinary frequency with a daytime voiding interval between two and three hours or awakening to void two times per night warrants a 10 percent rating; with a daytime voiding interval between one and two hours or awakening to void three to four times per night warrants a 20 percent rating; and with daytime voiding interval less than one hour or awakening to void five or more times per night warrants a 40 percent rating. Id.

Obstructive voiding symptomatology with or without stricture disease requiring dilatation one to two times per year warrants a non-compensable evaluation. Marked obstructive voiding symptomatology (hesitancy, slow or weak stream, decreased force of stream) with any one or a combination of post-void residuals greater than 150 cc, uroflowmetry with a marked diminished peak flow rate (less than 10 cc/sec), recurrent urinary tract infections secondary to obstruction, or stricture disease requiring periodic dilatation every two to three months, warrants a 10 percent rating. Urinary retention requiring intermittent or continuous catheterization warrants a 30 percent rating. Id.

As to a rating in excess of 40 percent for the Veteran's prostate cancer under Diagnostic Code 7528, the May 2018 and January 2020 VA examiners as well as the treatment records show that therapeutic procedures to treat the his residuals of prostate cancer have ceased and there has been no local recurrence or metastasis. Specifically, the record shows that he was diagnosed with prostate cancer in December 2013 and his radiation and hormone therapy concluded December 2014. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (VA may only consider independent medical evidence to support its findings and is not permitted to base decisions on its own unsubstantiated medical conclusions).

Accordingly, the Board finds that the preponderance of the evidence of record shows that a rating in excess of 40 percent for the Veteran's prostate cancer is not warranted when rated under Diagnostic Code 7528 at all times during the pendency of the appeal. See 38 C.F.R. § 4.115a; Fenderson, supra; Hart, supra.

As to rating the Veteran's prostate cancer as renal dysfunction under Diagnostic Code 7101, the Veteran does not claim and record on appeal, including the May 2018 and January 2020 VA examinations, do not show, his disability includes renal dysfunction. See Colvin, supra; Owens, supra. 

Accordingly, the Board finds that the preponderance of the evidence of record shows that a rating in excess of 40 percent for the Veteran's prostate cancer is not warranted when rated as renal dysfunction under Diagnostic Code 7101 at all times during the pendency of the appeal. See 38 C.F.R. § 4.115a; Fenderson, supra; Hart, supra.

As to rating the Veteran's prostate cancer as a voiding dysfunction under 38 C.F.R. § 4.115a, the Board notes that the 40 percent rating already in place for his disability meets or exceeds the maximum rating possible when rated as urinary frequency and obstructed voiding. 

Therefore, the Board finds that a rating in excess of 40 percent for the Veteran's prostate cancer is not warranted under either of these criteria at all times during the pendency of the appeal. See 38 C.F.R. § 4.115a; Fenderson, supra; Hart, supra.

Lastly, as to rating the Veteran's prostate cancer as continual urine leakage under 38 C.F.R. § 4.115a, the Board notes that the May 2018 and January 2020 VA examiners reported that he wore absorbent materials that had to be changed 2 to 4 times a day. Moreover, the Veteran's treatment records are uniform in reporting that he wears absorbent materials which must be changed no more than 4 times a day. Likewise, the record on appeal, including the May 2018 and January 2020 VA examinations, are negative for the use of an appliance. These medical opinions are not contradicted by any other medical evidence of record. See Colvin, supra.

Given the above record, the Board finds that the history of how many times a day the Veteran's needs to change absorbent materials at the VA examinations more probative then any claim by the Veteran to the contrary because the VA examiners opinions are substantiated by the evidence found in the claimant's treatment records even though how often he changes his absorbent materials is observable by a lay person. See Owens, supra; Madden v. Gober, 125 F.3d. 1477 1481 (Fed. Cir. 1997) (holing that the Board is entitled to discount the credibility of evidence in light of its own inherent characteristics and its relationship to other items of evidence); Bloom v. West, 12 Vet. App. 185, 187 (1999) (the probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion").

Accordingly, the Board finds that the most probative evidence of record shows that a rating in excess of 40 percent for the Veteran's prostate cancer is not warranted when rating it as continual urine leakage under 38 C.F.R. § 4.115a at all times during the pendency of the appeal because it shows that he does not need to wear absorbent materials which must be changed more than four times per day or uses an appliance. See 38 C.F.R. § 4.115a; Fenderson, supra; Hart, supra; Owens, supra. 

It is important for the Veteran to understand that nothing above suggests that the Veteran is not having problems with this disorder. He is clearly having many problems with this disorder. A 40 percent disability will cause the Veteran many problems. The only question in this case is level of disability for this problem alone (and the other problems the Board must, by law, address), nothing more.

(Continued on the next page)

 

In reaching the above conclusions, the Board considered the doctrine of reasonable doubt. 38 U.S.C. § 5107(b). However, as the preponderance of the evidence is against the claim, the Board finds that the doctrine is not for application. See also, e.g., Ortiz, supra; Gilbert, supra.

 

 

NEIL T. WERNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board P.S. McLeod

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.